| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>7325 S. Potomac Street<br>Centennial, CO 80112 | DATE FILED: March 6, 2020 11:20 AM<br>FILING ID: C91C247CC9305<br>CASE NUMBER: 2020CV30583 |
| **Plaintiff:**<br><br>    **DARLENE FRANCO**<br><br>v.<br><br>**Defendant:**<br><br>    **THE KROGER CO., a Foreign Corporation, d/b/a D620 KROGER CENTRAL/KING SOOPERS** | ▲ COURT USE ONLY ▲<br><br>Case No. _____<br><br>Division: _____ |
| *Attorneys for Plaintiff:*<br>Geoffrey S. Gulinson, #19351<br>Geoffrey S. Gulinson & Associates, P.C.<br>4155 East Jewell Avenue, Suite 402<br>Denver, Colorado 80222<br>Phone: (303) 753-0037<br>Fax: (303) 753-4599<br>geoff@geoffreysgulinson.com | |
| **COMPLAINT** | |

Darlene Franco (hereinafter "Plaintiff"), by and through her undersigned attorneys, Geoffrey S. Gulinson & Associates, P.C., and for her Complaint against Defendant The Kroger Co., a foreign corporation d/b/a D620 Kroger Central/King Soopers, states and alleges as follows:

### **VENUE**

1. Pursuant to Rule 98(c)(1) and (5), venue is proper in the District Court, Arapahoe County, Colorado, because the injury occurred in Arapahoe County.

### **PARTIES AND GENERAL ALLEGATIONS**

2. The Plaintiff is Darlene Franco, who resides at 881 Newark Street, Aurora, Colorado 80010.

# EXHIBIT A

3. Defendant The Kroger Co. is a foreign corporation d/b/a D620 Kroger Central/King Soopers (hereinafter "Defendant Kroger"). Defendant The Kroger Co.'s registered agent is the Corporation Service Company located at 1900 W. Littleton Boulevard in Littleton, Colorado 80120.

4. Defendant The Kroger Co. is the owner of the King Soopers store located at 655 Peoria Street in Aurora, Arapahoe County, Colorado, where Plaintiff was injured.

5. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the amount required for the district court limitation pursuant to the Colorado Revised Statutes.

## FACTUAL STATEMENT

6. Plaintiff hereby affirms, alleges, and incorporates the allegations contained in the above paragraphs as though set forth fully herein.

7. On or about March 12, 2018, Plaintiff was a business "invitee" of Defendant's King Soopers store located at 655 Peoria Street in Aurora, Colorado.

8. Plaintiff was shopping in the subject store in the coffee aisle. An elderly gentleman was in the same aisle at the same location. In order not to disturb the gentleman and in order to reach the coffee that she wanted to purchase, Plaintiff ducked under a bar code scanner that was mounted on a store post. As she stood up, her right shoulder struck the scanner.

## FIRST CLAIM FOR RELIEF
*(Premises Liability Against Defendant The Kroger Co. - C.R.S. § 13-21-115)*

9. Plaintiff hereby affirms, alleges, and incorporates each and every allegation cited above, as though fully set forth herein.

10. At the time of Plaintiff's incident, Defendant Kroger was a "land owner" within the meaning of C.R.S. § 13-21-115(1).

11. At the time of the incident, Plaintiff was an "invitee" of Defendant, which on information and belief, had common-law and contractual duties to Plaintiff, either directly or indirectly, as a third-party beneficiary between Defendant to allow Plaintiff to enter and transact through a safe and non-hazardous premises.

12. It was Defendant's express representation that the public, including Plaintiff, was requested, expected, or intended to enter or remain in the subject King Soopers store.

13. Defendant, through its employees, knew or should have known that the bar code scanner was protruding too far out from the post, specifically 5-1/8 inches. The 2015 International Building Code (IBC), adopted by Aurora, Colorado, states that any structural elements,

fixtures or furnishings shall not project horizontally from either side more than 4 inches over any walking surface.

14. Defendant owed Plaintiff the duty of abating this hazardous condition by following the IBC requirement.

15. At the time of Plaintiff's injury, Defendant, as a statutory or actual "landowner," was legally responsible for the condition of the store premises, as well as for the activities conducted or circumstances existing in the store premises within the meaning of C.R.S. § 13-21-115(1), and Plaintiff was an "invitee" of Defendant as she was a person who entered or remained in the subject store, within the meaning of C.R.S. § 13-21-115(c).

16. Defendant is directly or imputably liable to Plaintiff for injuries, damages, and losses sustained by Plaintiff and caused by Defendant for the unreasonable failure to exercise reasonable care to protect against the hazardous condition which was known or should have been known pursuant to C.R.S. § 13-21-115(3).

17. Defendant failed to warn individuals, including Plaintiff, of the hazardous condition of the protruding bar code scanner in the subject store.

18. Defendant had or should have had actual knowledge of the hazardous condition and failed to take appropriate abatement measures to protect invitees from the known hazardous condition.

19. Defendant, through its employees, failed to use reasonable care to protect Plaintiff against the hazardous condition which existed in the store, and this failure was the cause of Plaintiff's injuries, damages, or losses.

20. As a direct and proximate result or substantial factor of Defendant's actions and/or omissions, Plaintiff injured her right shoulder, resulting in surgery, as well as pain and suffering, emotional distress as a result of the subject incident, and other injuries which will be more particularly described at trial.

21. Defendant, as a direct and proximate result or substantial factor in bringing or causing Plaintiff's injuries as described above, is liable for its actions and inactions for economic damages, including medical expenses, and for non-economic damages, including, but not limited to, loss of enjoyment of life, pain and suffering, emotional distress as a result of the subject incident, and physical impairment and disfigurement, all in amounts to be proven at trial.

22. Due to the injuries sustained in the subject incident, Plaintiff has treated with medical providers and has complied with medical treatment.

23. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff has suffered loss of enjoyment of life and impairment of the quality of life.

24. As a further direct and proximate result or substantial factor of Defendant's negligence as indicated in the paragraphs above, Plaintiff believes that she has suffered permanent impairment and/or permanent disability.

25. Plaintiff, at all times relevant hereto, was not liable for comparative or contributory negligence and she has reasonably mitigated her damages.

26. As a direct and proximate result of the negligent acts of Defendant herein, Plaintiff has suffered various injuries, damages, and losses including:

    a. Economic damages, past and future, including but not limited to, medical expenses, household expenses, and other expenses;

    b. Non-economic damages, including but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and anxiety.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

a. Compensation for economic losses, both past and future;

b. Compensation for non-economic losses for pain and suffering, inconvenience, emotional distress, loss of enjoyment of life, and anxiety, both past and future;

c. Compensation for other expenses sustained or incurred;

d. Attorneys' fees as provided by law;

e. Pre- and post-judgment interest as provided by law;

f. Costs, including expert witness fees, as provided by law; and

g. Such further relief as the Court deems just and proper.

DATED:  March 6, 2020

**GEOFFREY S. GULINSON & ASSOCIATES, P.C.**

*A duly signed original on file at the office of*
*Geoffrey S. Gulinson and Associates, P.C.*


*s/   Geoffrey S. Gulinson*
Geoffrey S. Gulinson, #19351
Attorneys for Plaintiff

<u>Plaintiff's Address</u>:
881 Newark Street
Aurora, CO   80010

| | |
|---|---|
| DISTRICT COURT, COUNTY OF ARAPAHOE, STATE OF COLORADO<br><br>7325 S. Potomac Street<br>Centennial, CO  80112 | DATE FILED: March 6, 2020 11:20 AM<br>FILING ID: C91C247CC9305<br>CASE NUMBER: 2020CV30583 |
| **Plaintiff:**<br><br>    DARLENE FRANCO<br><br>v.<br><br>**Defendant:**<br><br>    THE KROGER CO., a Foreign Corporation, d/b/a D620 KROGER CENTRAL/KING SOOPERS | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br>Geoffrey S. Gulinson, #19351<br>Geoffrey S. Gulinson & Associates, P.C.<br>4155 East Jewell Avenue, Suite 402<br>Denver, Colorado  80222<br>Phone: (303) 753-0037<br>Fax:  (303) 753-4599<br>geoff@geoffreysgulinson.com | Case No. _____<br><br>Division: _____ |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

    ☐ This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

**XX** This party is seeking a monetary judgment against another party for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000."

**Or**

☐ Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

**Dated:** March 6, 2020        **/s/** Rick A. Carmickle_____
                                    Signature of Party or Attorney for Party

## NOTICE

This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

2